**NICHOLAS & TOMASEVIC, LLP**
  Craig M. Nicholas (SBN 178444)
  Alex Tomasevic (SBN 245598)
  David G. Greco (SBN 299635)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone:  (619) 325-0492
Facsimile:   (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: dgreco@nicholaslaw.org

**GLICK LAW GROUP, P.C.**
  Noam Glick (SBN 251582)
225 Broadway, Suite 2100
San Diego, California 92101
Telephone:   (619) 382-3400
Facsimile:   (619) 615-2193
Email: noam@glicklawgroup.com

Attorneys for Plaintiff
FLORA ARMENTA

'17CV0011 BAS NLS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORA ARMENTA, individually and on behalf of others similarly situated;<br><br>      Plaintiff,<br><br>vs.<br><br>STAFFWORKS, LLC, a California limited liability company;<br><br>      Defendants. | **COLLECTIVE, CLASS ACTION, AND REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>**(1) FAILURE TO PAY WAGES DUE UNDER THE FAIR LABOR STANDARDS ACT;**<br><br>**(2) FAILURE TO TIMELY PAY REQUIRED WAGES UNDER STATE LAW;**<br><br>**(3) FAILURE TO PAY MINIMUM WAGE UNDER STATE LAW;**<br><br>**(4) FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS;**<br><br>**(5) FAILURE TO PAY ALL WAGES UPON SEPARATION;**<br><br>**(6) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAWS; AND**<br><br>**(7) ENFORCEMENT OF CALIFORNIA'S PRIVATE ATTORNEYS GENERAL ACT.** |

Plaintiff Flora Armenta (hereinafter referred to as "Plaintiff"), on behalf of herself and those similarly situated, based upon facts which either have evidentiary support, or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

**INTRODUCTION**

1. This is a hybrid collective action under the federal Fair Labor Standards Act, 29 U.S.C. section 201, et seq. (the "FLSA") as well as a F.R.C.P. 23 class action for violations of California state law. This is also a representative action for enforcement of California's Private Attorneys General Act ("PAGA").

2. Defendant StaffWorks, LLC ("Defendant" or "StaffWorks") is a staffing company. It refused to compensate its employees, including Plaintiff, for all of their hard work.

3. Plaintiff and her fellow non-exempt co-workers work, or formerly worked, for StaffWorks, comprising a pool of workers who, through StaffWorks, sought job placement with various companies.

4. StaffWorks, pursuant to its uniform compensation policy, required Plaintiff and those similarly situated to partake in mandatory interviews, orientation, training, and similar work-related tasks, at or with various companies who were clients of StaffWorks. StaffWorks was legally required to pay its employees for that work, but StaffWorks refused to.

5. StaffWorks's failure to pay Plaintiff and those similarly situated results in the underpayment of wages to its employees in violation of the FLSA, the California Labor Code, the California Code of Regulations, California Industrial Wage Commission ("IWC") Wage Orders, California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code section 17200, *et seq*., and the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. sections 1331 and 1343(4) because these claims seek redress for violations of Plaintiffs' federal civil and statutory rights.

7.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. section 1367(a), because these claims are so closely related to Plaintiffs' federal wage and hour, discrimination and retaliation claims that they form parts of the same case or controversy under Article III of the United States Constitution.

8.     This Court has jurisdiction over StaffWorks, because it is a California limited liability company and further conducts substantial business in California and intentionally availed itself to the laws and markets of California through operation of its business in California.

9.     Venue is proper in the Southern District of California pursuant to 28 U.S.C. section 1391(b) and (c), as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial District.

## PARTIES

10.     Plaintiff is, and at all relevant times was, a citizen of the state of California, and resident of San Diego County. Plaintiff was employed by Defendants from approximately March 2016 through May 2016.

11.     Plaintiff is informed, believes, and based thereon alleges that StaffWorks, LLC is a California limited liability company and did business in San Diego County at all relevant times.

## GENERAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

12.     StaffWorks owns an employment or staffing agency as designated by federal law and California law (e.g. within the meaning of California Industrial Welfare Commission ("IWC") Wage Orders, numbers 1-2001 through 17-2001, and MW-2014 and its predecessors, which are codified in California Code of

Regulations ("CCR"), Title 8, Sections 11010 through 11170 (hereinafter collectively referred to as the "Wage Orders").)

13. StaffWorks recruited, solicited, hired and employed, furnished employment, and was an "employer" under federal and California law. StaffWorks employed PLAINTIFF and those similarly situated, as temporary service employees performing services for StaffWorks's clients in numerous different industries. Though, the clients and industries may have been different, all of the employees, including Plaintiff, were subject to the same federal employment laws and California state laws including those governing pay, an employer's obligation to maintain records, exemptions, minimum wages, overtime, expense reimbursement, and an employer's obligation to compensate workers for any hours they are "suffered or permitted to work, whether or not required to do so."

14. StaffWorks exercised control over the wages, hours, and/or working conditions of Plaintiff and those similarly situated and engaged, suffered and/or permitted Plaintiff and those similarly situated to work.

15. Plaintiff and those similarly situated were Defendant's employees under the FLSA and California Labor Code and were non-exempt from the protections of the provisions of the FLSA and Labor Code referenced and from the protections of the Wage Orders.

16. StaffWorks hired and entered into an employment relationship with the temporary services employees, including Plaintiff. StaffWorks then required its employees, including Plaintiff, to submit editable copies of the employee's resume (such as in Microsoft Word® format), so that StaffWorks could edit the resumes themselves and control the information later seen by StaffWorks's clients (such as by deleting the employee contact information from the resume). StaffWorks did this, in part, to maintain control over the communications between the temporary employee candidate and the StaffWorks client considering the candidate for hire, and to ensure that all relevant communications went through StaffWorks.

17.    StaffWorks then required employees, like Plaintiff, to attend and participate in mandatory meetings and telephonic communications relating to prospective assignments, regularly consult with StaffWorks regarding the status of assignments, provide information to StaffWorks regarding their availability, attend interviews with StaffWorks's clients, undertake mandatory training, as well as travel and do miscellaneous tasks related to each of the aforementioned activities, all without any pay or reimbursement of expenses incurred.

18.    StaffWorks entered into employment relationships with its temporary services employees, including Plaintiff and those similarly situated, and then made the employees work through an unpaid orientation.

19.    StaffWorks then required employees, including Plaintiff, to participate in an unpaid internal interview and on-boarding where employees were required to, for instance, review the handbook and sit through explanations concerning the policies contained therein.

20.    StaffWorks would then control and dictate which interviews employees, including Plaintiff, went on.  StaffWorks dictated and told to employees, including Plaintiff, who they would be interviewing with, when, where, and for what position.

21.    StaffWorks also trained its employees, including Plaintiff, to update StaffWorks with information concerning their availability for assignments, information concerning changes in their work experience, level of education, and level of training and work-related skills, the processes employed to advise employees regarding possible assignments, the processes employed when an assignment has been accepted, including but not limited to the necessity of attending Client orientations and/or interviews.

22.    StaffWorks also maintained and trained its employees, including Plaintiff, on StaffWorks's policy by which employees would be terminated after excessive tardiness to work assignments.

23.     Plaintiff is informed, believes, and based thereon alleges that thousands of Class members currently employed by StaffWorks have undergone the internal interview, training, and on-boarding, without the payment of wages for working through it.

24.     StaffWorks also required Plaintiff and those similarly situated to attend separate Client orientations and/or interviews without the payment of wages for time spent in those orientations and/or interviews.

25.     After being placed with one of StaffWorks's clients, Plaintiff and those similarly situated were often required to attend further and additional orientation sessions and/or interviews for the purposes of evaluating and training employees on specific job requirements and facets, such as the physical layout of the clients' facilities, details relating to the nature of the tasks to be performed, and training regarding the clients' internal policies and procedures. Employees, like Plaintiff, were also required to participate in background checks, fill out forms, submit fingerprints, sit for photos, review safety policies, and execute various job-related documents.

26.     StaffWorks also required its employees, including Plaintiff, to undergo skills testing.

27.     StaffWorks never paid Plaintiff or her similarly-situated colleagues for any of this time. Moreover, Plaintiff and those similarly situated were never reimbursed for expenses incurred by them in attending these orientations, interviews, training, and background checks. These unreimbursed expenses included, but were not limited to, expenses incurred traveling to client orientations and/or interviews, expenses incurred traveling to facilities to submit photocopies and fingerprinting, and expenses incurred submitting to skills testing.

28.     StaffWorks required its employees, including Plaintiff, to attend all mandatory interviews, meetings, and trainings, and then correspond with StaffWorks regarding such interviews, and travel to and from such interviews – all

without paying them wages for any of the time spent engaged in such tasks and without reimbursement for expenses incurred.

## ADDITIONAL FACTS SPECIFIC TO PLAINTIFF

29. StaffWorks hired Plaintiff as a temporary service worker. Some of the terms of Plaintiff's employment were the product of a standard oral agreement, while other terms were implied from or incorporated from standard written materials and uniform policies maintained by StaffWorks and from the conduct of the parties.

30. StaffWorks required Plaintiff to participate in a mandatory interview, orientation, and to take a test to determine her proficiency in accounting and bookkeeping.

31. StaffWorks required Plaintiff to regularly keep StaffWorks apprised of her availability. Pursuant to StaffWorks's policies, Plaintiff had to and did call in on a weekly basis to let StaffWorks know she was available to work. If StaffWorks did not have an interview lined up for Plaintiff, it required her to continue reporting in order to remain eligible for anticipated job openings. StaffWorks never paid Plaintiff for the time she spent reporting her availability.

32. StaffWorks also required Plaintiff to participate in internal interviews. StaffWorks representatives or staffing managers periodically called Plaintiff to discuss her qualifications. During these interviews, Plaintiff and StaffWorks discussed any new job-related skills that she had obtained since the last call. StaffWorks never paid Plaintiff for the time she spent participating in the internal interviews.

33. StaffWorks also directed Plaintiff to attend numerous interviews with StaffWorks clients. In order to attend these interviews, Plaintiff reported to the client's job site per StaffWorks's instructions. Once there, Plaintiff took part in an interview, which usually lasted an hour or more. StaffWorks never paid Plaintiff for the time she spent attending interviews.

34. Plaintiff incurred expenses attending required interviews. The majority of interviews required Plaintiff to drive to the potential employer's job site. Plaintiff incurred expenses related to her travel, such as paying for gas and mileage. StaffWorks never reimbursed Plaintiff for the costs she incurred travelling to or preparing for the interviews.

35. StaffWorks also required Plaintiff to participate in internal exit interviews. StaffWorks required Plaintiff to report after every interview with its clients, regardless of what time the interview ended. During these exit interviews, StaffWorks required Plaintiff to answer questions about the client's interview, including but not limited to whether the employer made an offer, the amount of the offer, the amount of interviewees, and anticipated start dates if an offer was made. StaffWorks required Plaintiff to participate in these exit interviews even when she returned home from the client's interview late at night.

36. In addition, after StaffWorks placed Plaintiff, it required her to participate in an exit interview once the job assignment ended. StaffWorks made Plaintiff answer questions, including but not limited to why the assignment ended and if there were additional opportunities within the company. StaffWorks never paid Plaintiff for the time she spent participating in its exit interviews.

37. As a result of StaffWorks's failure to compensate Plaintiff for the above-mentioned orientations, reporting, consultations, client interviews, related travel, and other work, StaffWorks owes Plaintiff, among other things, unpaid wages and penalties.

38. Furthermore, StaffWorks maintained and enforced a uniform policy by which it regularly and consistently failed to provide Plaintiff and those similarly situated with complete and accurate itemized wage statements stating the total hours worked, gross wages earned, net wages earned, all applicable rates of pay and the corresponding number of hours worked under each rate, all deductions, and accurate accounting for all hours worked and wages paid to Plaintiff and those similarly

situated. StaffWorks also failed to record in ink or other identifiable form all deductions from wages showing the month, day, and year, and failed to keep a copy of the statements and records of deductions for three years at the place of employment or at a central location in California.

39. In short, StaffWorks made Plaintiff and her similarly-situated colleagues do a lot of compensable work, without paying them anything and without reimbursing them for necessary expenses. In doing so, StaffWorks violated various provisions of the FLSA and the California Labor Code, including, but not limited to, California Labor Code Section 204.

40. StaffWorks also maintained and enforced a uniform policy by which it regularly and consistently violated California Labor Code Sections 201, 202, and 203 by failing to pay Plaintiff and those similarly situated all unpaid wages within 72 hours after they voluntarily resigned their employment, or immediately when their employment was involuntarily terminated.

41. StaffWorks acted knowingly and willfully. At a minimum, StaffWorks knew or should have known that Plaintiff and those similarly situated were entitled to receive all wages in full when due and payable in accordance with California and Federal law.

42. Moreover, StaffWorks knew or should have known that it was required to document the time involved in the performance of such work, maintain a written record of such time, include such time and corresponding wage rates for such time in wage statements as required in California Labor Code Section 226, calculate gross and net wages for such time and include such calculations in the wage statement required by California Labor Code Section 226. StaffWorks further knew or should have known that it was required to maintain records of wages earned for such time, pay wages to Plaintiff and those similarly situated for such time, and distribute a wage statement to them, including references to such time and wages earned. Nevertheless, StaffWorks repeatedly, as a matter of policy, failed and

refused to record such time and the wages owed, maintain records of such time and wages owed, include such time, corresponding wage rates for such time, and the gross and net wages earned for such time in the wage statements distributed to Plaintiff and those similarly situated, and pay wages to Plaintiff and those similarly situated for such time.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43.    By its actions described in this complaint, Defendant violated the FLSA and Plaintiff now brings a collective action for violations of the FLSA on behalf of the COLLECTIVE ACTION GROUP which is defined as:

> All persons nationwide who were, are, or will be employed by Defendant as a temporary worker or in any other substantially similar positions during the period commencing three years prior to the filing of this Complaint and ending on the date as the Court shall determine.

44.    To the extent equitable tolling operates to toll claims by the COLLECTIVE ACTION GROUP against the Defendants, the applicable statute of limitations and period for calculating damages should be adjusted accordingly. The COLLECTIVE ACTION GROUP includes all such persons, whether or not they were paid hourly, by piece rate, by commission, by salary, or by part hourly, part commission and/or part salary.

45.    Plaintiff brings this lawsuit on behalf of herself individually and the COLLECTIVE ACTION GROUP as a collective action.  Defendants are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. section 203(b).

46.    The FLSA states that an employee must be compensated for all hours worked, including all straight time compensation and overtime compensation. *See* 29 C.F.R. section 778.223 and 29 C.F.R. section 778.315.

47.    Defendants have willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay required wages.

48.    This action meets all prerequisites for the maintenance of a collective action under the FLSA.  Specifically:

(a)    The persons who comprise the COLLECTIVE ACTION GROUP exceed 100 persons and are therefore so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the COLLECTIVE ACTION GROUP and will apply uniformly to every member of the COLLECTIVE ACTION GROUP;

(c)    The claims of the representative Plaintiff are typical of the claims of each member of the COLLECTIVE ACTION GROUP. Plaintiff, like all other members of the COLLECTIVE ACTION GROUP, was subjected to Defendant's illegal practice of failing to pay all required wages, failing to reimburse employees for expenses, and failing to provide accurate wage statements. Plaintiff sustained economic injury as a result of Defendant's employment practices. Plaintiff and the members of the COLLECTIVE ACTION GROUP were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by the Defendant; and

(d)    The representative Plaintiff will fairly and adequately represent and protect the interest of the COLLECTIVE ACTION GROUP, and has retained attorneys who are competent and experienced in similar litigation. There are no material conflicts between the claims of the representative Plaintiff and the members of the COLLECTIVE ACTION GROUP that would make collective treatment inappropriate. Counsel for the COLLECTIVE ACTION GROUP will vigorously assert the claims of the entire COLLECTIVE ACTION GROUP.

## THE CALIFORNIA CLASS

49. Plaintiff also brings claims under California Law as a class action pursuant to F.R.C.P., Rule 23 on behalf of a CALIFORNIA CLASS which consists of:

> All employees of Defendant in California who were, are, or will be employed as temporary employees, or any similarly situated positions, during the period four years prior to the filing of this Complaint and ending on the date as determined by the Court.

50. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against Defendant, the applicable statute of limitations or recovery period should be adjusted accordingly. The CALIFORNIA CLASS includes all such persons, whether or not they were paid by commission, by salary, by piece rate, or by part commission, part piece rate, and/or part salary. At least one member of the CALIFORNIA CLASS is a citizen of a state other than California, Plaintiff is informed and believes that the amount in controversy in the Complaint exceeds the sum or value of $5,000,000.

51. Defendant, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code, Industrial Welfare Commission ("IWC") Wage Order Requirements, and other applicable provisions of California law, intentionally, knowingly, and willfully refused to pay all compensation owed to the Plaintiff and the other members of the CALIFORNIA CLASS for their hours worked, failed to reimburse them for expenses, and failed to provide accurate itemized wage statements to the CALIFORNIA CLASS.

52. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in F.R.C.P. 23, in that:

 (a) The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c) The claims of the representative Plaintiff are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all other members of the CALIFORNIA CLASS, was subjected to Defendant's illegal practice of refusing to pay all wages, and to provide accurate wage statements. Plaintiff sustained economic injury as a result of Defendant's employment practices. Plaintiff and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by the Defendant; and

(d) The representative Plaintiff will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained attorneys who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative Plaintiff and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all Class Members.

53. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to F.R.C.P. 23, in that:

(a) Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1) Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would

establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)     Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole.

(c)     Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions;

2)     The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA CLASS;

3)     The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4)     The difficulties likely to be encountered in the management of a Class Action; and,

5) The basis of Defendant's conduct towards Plaintiff and the CALIFORNIA CLASS.

54. The class is ascertainable.

55. Furthermore, Defendant maintains records from which the Court can ascertain and identify by job title each of Defendant's employees who have been systematically, intentionally and uniformly subjected to Defendant's unlawful behavior. The records of Defendant will identify which employees failed to receive the compensation to which they were entitled, who failed to have all hours worked properly recorded, and who failed to receive complete business expense reimbursement.

## FIRST CAUSE OF ACTION

**BY PLAINTIFF ON BEHALF OF HERSELF AND COLLECTIVELY ON BEHALF OF THOSE SIMILARLY SITUATED FOR FAILURE TO PAY WAGES DUE UNDER THE FLSA**
**(Collective Action under the FLSA)**

56. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

57. Defendant knowingly, willfully, and intentionally, failed to compensate Plaintiffs and the COLLECTIVE ACTION GROUP all wages due and owed under the FLSA, including agreed-upon wages and the applicable minimum hourly wage as mandated by 29 U.S.C. section 206(a).

58. Because of Defendant's willful violation of the FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, pursuant to FLSA, all in an amount to be determined at trial. *See* 29 U.S.C. section 216(b).

## SECOND CAUSE OF ACTION
### BY PLAINTIFF ON BEHALF OF HERSELF AND THE CLASS FOR FAILURE TO TIMELY PAY REQUIRED WAGES UNDER STATE LAW
#### (Class Action under F.R.C.P. 23)

59.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

60.     California Labor Code, Sections 204 and 223, together with the Wage Orders and the common law, require that employers like StaffWorks pay its employees, including Plaintiff and the CALIFORNIA CLASS, all agreed-upon wages at least twice each calendar month.

61.     Defendant violated California Law, including Sections 204 and 223, by failing to pay Plaintiff and THE CALIFORNIA CLASS their agreed upon wages for things like: (a) Attendances at or participation in orientations, client interviews, and other meetings; (b) Attendance at or participation in meetings and communications with StaffWorks to report or consult regarding the status of current, past, or prospective assignments, and their availability for assignments; and (c) Participation in training sessions regarding workplace safety, job skills, and the use of StaffWorks's or StaffWorks's clients' mandatory processes.

62.     StaffWorks at all times knew or had reason to know that Plaintiff and those similarly situated were performing the aforementioned work without pay and deprived Plaintiff and those similarly situated of wages for work performed by them.

63.     As a direct and proximate result of StaffWorks's willful refusal to pay all wages due to Plaintiff and those similarly situated, StaffWorks is liable for wages owing and unpaid, with interest thereon, and all applicable penalties, liquidated damages, attorneys' fees and costs.

## THIRD CAUSE OF ACTION

**BY PLAINTIFF ON BEHALF OF HERSELF AND THOSE
SIMILARLY SITUATED FOR FAILURE TO PAY
MINIMUM WAGE UNDER STATE LAW
(Class Action under F.R.C.P. 23)**

64.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

65.     California Labor Code Sections 223, 1194, 1197, 1199, and the applicable Wage Orders, make it unlawful to pay less than the minimum wage established by law.

66.     StaffWorks repeatedly failed to pay Plaintiff and those similarly situated the minimum wage for all hours worked, violating California law.

67.     As a direct result, Plaintiff and those similarly situated have been denied full compensation for all hours worked by them, including but not limited to minimum wages for hours worked.

68.     Plaintiff and those similarly situated are entitled to recover wages from StaffWorks, in an amount to be proven at trial, as well as all available penalties, liquidated damages, interest, costs, and attorneys' fees.

## FOURTH CAUSE OF ACTION

**BY PLAINTIFF ON BEHALF OF HERSELF AND THOSE
SIMILARLY SITUATED FOR FAILURE TO PROVIDE
ACCURATE ITEMIZED WAGE STATEMENTS UNDER STATE LAW
(Class Action under F.R.C.P. 23)**

69.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

70.     California Labor Code section 226(a) and the related Wage Orders require StaffWorks to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and those similarly situated and keep the records on file at the place of employment or at a central location in California.  StaffWorks knowingly and intentionally failed to comply

with California Labor Code section 226(a) and the Wage Orders with respect to wage statements it provided to Plaintiff and those similarly situated.

71.     California Labor Code section 1174 and the Wage Orders also require StaffWorks to maintain and preserve, at the place of employment or at a central location within the State of California, among other items, accurate records showing the names and addresses of all employees employed, payroll records accurately showing the hours worked daily and the wages paid to its employees.

72.     StaffWorks knowingly and intentionally failed to comply with these requirements in violation of the California Labor Code and the related Wage Orders.

73.     California Labor Code section 226(a) and the Wage Orders also provide that every employer shall, semimonthly or at the time of each payment of wages, furnish each of its employees an accurate itemized statement in writing showing gross wages earned, total hours worked by the employee, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the employee's social security number (or an employee identification number), the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. California Labor Code section 226(a) mandates that deductions made from payments of wages shall be recorded in ink, properly dated, and a copy of the statement or a record of deductions kept on file by the employer for at least three years.  Moreover, the Wage Orders require StaffWorks to maintain time records for each employee showing, including but not limited to, when the employee begins and ends each work period, meal periods, and total daily hours worked in itemized wage statements, and must show all deductions from payment of wages, and accurately report total hours worked by Plaintiff and those similarly situated.

74. StaffWorks regularly and consistently, knowingly and intentionally, failed to provide Plaintiff and those similarly situated with complete and accurate wage statements.

75. Pursuant to California Labor Code section 226(e), each employee suffering injury as a result of knowing and intentional failure by an employer to comply with California Labor Code section 226(a) is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000 and is entitled to an award of costs and reasonable attorneys' fees. Moreover, an employee is entitled under California labor Code section 226(g) to injunctive relief to ensure compliance with California Labor Code section 226 and is entitled to an award of costs and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION

**BY PLAINTIFF ON BEHALF OF HERSELF AND THOSE SIMILARLY SITUATED FOR FAILURE TO PAY ALL WAGES UPON SEPARATION (Class Action under F.R.C.P. 23)**

76. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

77. California Labor Code section 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

78. California Labor Code section 202 provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her employment, unless the employee has given 72 hours' previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

79. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed in accordance with California Labor Code sections 201 and 202, then the wages of the employee shall continue as a penalty

from the due date, and at the same rate until paid, but the wages shall not continue for more than thirty (30) days.

80. Plaintiff and those similarly situated, whose employment with StaffWorks ended, were entitled to be promptly paid compensation by StaffWorks as required by California Labor Code sections 201 and 202. Plaintiff and those similarly situated were not fully paid all wages due to them within the time required by California Labor Code sections 201 and 202. Accordingly, Plaintiff and those similarly situated seek the payment of California Labor Code section 203 penalties, along with all applicable interest, costs, penalties, liquidated damages, and attorneys' fees, in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION

### BY PLAINTIFF ON BEHALF OF HERSELF AND THOSE SIMILARLY SITUATED FOR VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAWS
### (Class Action under F.R.C.P. 23)

81. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

82. Plaintiff and those similarly situated suffered direct injury as a result of StaffWorks's conduct, as alleged above. StaffWorks's deprivation of Plaintiff and those similarly situated' wages and StaffWorks's provision of inaccurate wage statements, are unlawful business practices within the meaning of California's Unfair Competition Laws, Business and Professions Code sections 17200 *et seq.*, (the "UCL").

83. Under the UCL, including but not limited to Section 17201, 17203, and 17208, Plaintiff asserts standing on her own behalf and on behalf of those similarly situated. Plaintiff and those similarly situated seek, among others, restitution of compensation due.

84.     StaffWorks committed violations of law, including but not limited to: (i) violations of the California Labor Code for failure to compensate Plaintiff and those similarly situated for all hours worked; (ii) violations of the California Labor Code for failure to provide accurate wage statements to Plaintiff and those similarly situated; (iii) violations of the California Labor Code for failure to provide Plaintiff and those similarly situated agreed wages for all hours they worked; (iv) violations of the California Labor Code for failure to timely pay all earned wages to Plaintiff and those similarly situated upon discharge; (v) violations of the California Labor Code for failure to pay all earned wages owed to Plaintiff during employment; (vi) violations of the California Labor Code for failure to reimburse Plaintiff and those similarly situated for all necessary expenditures; and (vii) violations of the California Labor Code for failure to keep accurate records.

85.     StaffWorks's unfair and unlawful business practices have imposed harm on its employees and its competitors and will continue to do so until abated. As a result of these unfair and unlawful business practices, StaffWorks retained monies belonging to Plaintiff and those similarly situated and was unjustly enriched at the expense of Plaintiff and those similarly situated.  Plaintiff and those similarly situated are entitled to restitution of the monies withheld and retained by StaffWorks and are also entitled to a preliminary and permanent injunction requiring StaffWorks to cease all illegal practices,  to pay all outstanding wages due to Plaintiff and those similarly situated, and to provide accurate and complete wage statements.

86.     As a direct and proximate result of StaffWorks's conduct, Plaintiff and those similarly situated suffered injury and loss of money.

87.     This action will result in the enforcement of an important right affecting the public interest.  The conduct of StaffWorks as alleged here has been and continues to be unfair, unlawful, and harmful to Plaintiff and those similarly situated, as well as the general public.  Accordingly, under Code of Civil Procedure

section 1021.5, Plaintiff and those similarly situated are entitled to an award of reasonable attorneys' fees according to proof.

## SEVENTH CAUSE OF ACTION

**REPRESENTATIVE ACTION BY PLAINTIFF ON BEHALF OF HERSELF AND THOSE SIMILARLY SITUATED FOR ENFORCEMENT OF PAGA**

88. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

89. PAGA permits aggrieved employees, like Plaintiff, to recover civil penalties for violations of numerous Labor Code sections. *See* Cal. Lab. Code, section 2699.5.

90. Defendant's conduct, as alleged above, violates numerous sections of the California Labor Code, including, but not limited to, the following:

a. Labor Code sections 201, 202, 203, 204, and 223 for failure to timely pay Plaintiff and other aggrieved employees all earned wages;

b. Labor Code sections 223, 1194, 1197, and 1199 for failure to pay Plaintiff and other aggrieved employees all mandatory minimum wages;

c. Labor Code section 226, for failure to provide accurate wage statements to Plaintiff and other aggrieved employees;

d. Labor Code section 1174, for failure to maintain accurate employment records related to Plaintiff's and other aggrieved employees' work; and

e. Labor Code section 2802, for Defendant's failure to indemnify or reimburse Plaintiff and other aggrieved employees for necessary business-related expenses.

91. Plaintiff has complied with all administrative requirements and pre-conditions contained within California Labor Code section 2699.3. Plaintiff notified the PAGA authorities of these violations and her intent to bring a

representative action, and waited the prescribed period of time. Plaintiff has not received any response from the PAGA authorities.

92. Pursuant to PAGA and, in particular, California Labor Code sections 2699, 2699.3, and 2699.5, Plaintiff is entitled to and hereby seeks to recover civil penalties against Defendant, in addition to reasonable attorney fees and costs, on behalf of herself and all other similarly-aggrieved current and former employees for violation of the Labor Code sections referenced in this Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on her own behalf and on the behalf of those similarly situated, prays for judgment as follows:

1. For an order certifying the federal claims as a collective action;

2. For an order certifying as a class action, under Rule 23, the state law claims;

3. For consequential damages according to proof;

4. For statutory damages and penalties, including civil penalties due under The PAGA, according to proof;

5. For a declaration that StaffWorks violated the rights of Plaintiff and those similarly situated under the California Labor Code and the FLSA;

6. For liquidated damages according to proof pursuant to California Labor Code section 1194.2 and the FLSA;

7. For waiting time penalties according to proof pursuant to California Labor Code section 203;

8. That StaffWorks be ordered to show cause why it should not be enjoined and ordered to comply with the applicable Labor Code and FLSA provisions related to employee classification, minimum wage compensation, overtime compensation, and record keeping for StaffWorks's employees; and for an order enjoining and restraining StaffWorks and its agents, servants, and employees related thereto;

9. For restitution to Plaintiff and those similarly situated of all funds unlawfully acquired by StaffWorks by means of any acts or practices declared by this Court to violate the mandates established by California's UCL;

10. For an injunction to prohibit StaffWorks to engage in the unfair business practices complained of here;

11. For an injunction requiring StaffWorks to give notice to persons to whom restitution is owing of the means by which to file for restitution;

12. For actual damages or statutory penalties according to proof as set forth in California Labor Code section 226;

13. For pre-judgment interest as allowed by California Labor Code sections 218.5 or 1194 and California Civil Code section 3287;

14. For reasonable attorneys' fees, expenses and costs as provided by California Labor Code sections 226 or 1194 and Code of Civil Procedure section 1021.5 and the FLSA; and

15. For such other relief that the court may deem just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a Trial by Jury.


Respectfully submitted:

Dated: January 3, 2017                    **NICHOLAS & TOMASEVIC, LLP**

By:     */s/ Alex Tomasevic*
        Craig M. Nicholas (SBN 178444)
        Alex Tomasevic (SBN 245598)
        David G. Greco (SBN 299635)
        Attorneys for Plaintiff
        FLORA ARMENTA
        225 Broadway, 19th Floor
        San Diego, CA 92101
        Telephone: (619) 325-0492
        Facsimile: (619) 325-0496
        Email: cnicholas@nicholaslaw.org
        Email: atomasevic@nicholaslaw.org
        Email: dgreco@nicholaslaw.org